IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMESHA SIMMONS, individually and on behalf of all others similarly situated<br>3400 Red Lion Road, Apt. 19C<br>Philadelphia, PA  19114-1326,<br><br>               Plaintiff,<br><br>      vs.<br><br>ASSET ACCEPTANCE, LLC<br>28405 Van Dyke Avenue<br>Warren, MI  48093-7132,<br><br>                  Defendant. | CIVIL ACTION NO.<br><br><br>CLASS ACTION |

## CLASS COMPLAINT

### I.     INTRODUCTION

1.     This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").  The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

2.     The FDCPA prohibits debt collectors from making false, deceptive and misleading representations in the collection of a consumer debt claimed due.  15 U.S.C. §1692e. Defendant debt collector sent Plaintiff and the class a form collection letter in an effort to collect consumer debts.  The letter states that the recipient's account "has been referred to the legal department for review" and, if the consumer does not respond by a certain date, defendant will "proceed accordingly."  These veiled threats of legal action misrepresent the "legal" status of the alleged debt by making it appear that a lawyer has some involvement.  15 U.S.C. §1692e(2), (5), (10).

3.      Defendant is subject to strict liability for sending a collection letter to Plaintiff and the class which violates the provisions of the FDCPA.

## II.    JURISDICTION

4.      Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5.      *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district and has caused harm in this district.

## III.    PARTIES

6.      Plaintiff Tamesha Simmons is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

7.      Defendant Asset Acceptance, LLC is upon information and belief a foreign corporation with a mailing address as captioned (herein referred to as "Asset" or "Defendant").

8.      Defendant Asset regularly uses the mail and telephone to attempt to collect consumer debts alleged due another.

9.      The Defendant is a "debt collector" as contemplated by the FDCPA, 15 U.S.C. §1692a(6).

10.      Defendant regularly attempts to collect debts in, and does business in this district.

## IV.    STATEMENT OF CLAIM

11.      On September 25, 2009, defendant Asset sent Plaintiff a collection notice.  A true and correct copy of the September 25, 2009 notice is attached hereto as Exhibit "A" (redacted for privacy, per Fed. R. Civ. Pro. 5.2).

12.     The September 25 letter begins:

The above referenced account has been *referred to the legal department for review* because the account has not been resolved.

(Exhibit "A", emphasis added).

13.     The letter goes on to say:

If we do not hear from you by OCT 25 2009, we will assume that you do not wish to resolve this matter and *we will proceed accordingly*.

(Exhibit "A", emphasis added).

14.     The statement that the account has been "referred to the legal department" connotes or implies that the account is being investigated for a potential lawsuit by an attorney or some kind of meaningful lawyer involvement.

15.     When paired with the reference to the "legal department", defendant's statement that no response by a certain date will cause the debt collector to "proceed accordingly" suggests to the consumer that failure to respond can result in a lawsuit shortly thereafter.

16.     On December 1, 2009, Defendant sent plaintiff another letter attempting to collect the same alleged debt.  (See Exhibit "B" hereto, redacted).

17.     In the December 1, 2009 letter, Defendant did not reflect referral of Plaintiff's account to the "legal department" as stated in its September 25, 2009 letter, but rather continued (non-legal) collection efforts.

18.     Asset violated the Fair Debt Collection Practice Act by misrepresenting that the account had some level of meaningful lawyer involvement when it did not and by deceptively creating the impression that failure to respond may result in legal action.

## V.    CLASS ALLEGATIONS

19.    Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

20.    The class is composed of all Philadelphia, Pennsylvania residents to whom defendant sent collection letters in the form of, or substantially similar to, Exhibit "A," within one year prior to the date of filing of this Complaint.  Plaintiff proposes to define the class (the "Class") as follows:

(a)    All persons with addresses in the City of Philadelphia;

(b)    to whom letters were sent by Asset;

(c)    which stated that the recipient's account "has been referred to the legal department for review";

(d)    in an attempt to collect a debt incurred primarily for personal, family or household purposes;

(e)    during the one year period prior to the filing of the Complaint in this action.

21.    The Class is believed to be so numerous that joinder of all members is impractical.  The Complaint concerns mass-produced form collection letters.

22.    There are questions of law or fact common to the Class.  These include:

(a)    Whether defendant made false, misleading and deceptive statements, in violation of 15 U.S.C. §1692e, by stating that the account has been "referred to the legal department for review" when there was no meaningful attorney involvement;

(b)     Whether the letter as a whole is deceptive and misleading by purporting to refer an account for legal review, when in fact the account was in Asset's collection, not legal department;

(c)     Whether the letter is false, deceptive and misleading on the whole as it combined the reference to the "legal department" with the threat to "proceed accordingly" if timely payment is not made;

(d)     Whether the letter misrepresents the legal status of the debt, in violation of 15 U.S.C. §1692e(2), by stating the debt has been referred to the "legal department" when it has remained in collections;

(e)     Whether the letter conveys a threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5); and

(f)     Whether the letter conveys a false sense of urgency, in violation of 15 U.S.C. §1692e(10), by implicitly threatening legal action.

23.     The claims of the Plaintiff are typical of those of the Class.  All are based on the same factual and legal theories.

24.     Plaintiff will fairly and adequately protect the interest of the Class.  Plaintiff has no interest antagonistic to those of the Class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

25.     Defendant has acted on grounds generally applicable to the Class thereby making final relief appropriate with respect to the Class as a whole.

26.     The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The Class members are consumer debtors

who may be unable to locate or afford to hire lawyers.  Most are probably unaware that their rights, and the FDCPA, have been violated.

27.     The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

(a)     Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general.  15 U.S.C. §1692k.

(b)     The essence of defendant's collection tactics is the deception of consumers.

(c)     The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the FDCPA is $1,000.00.

(d)     Management of this regional class action is likely to be easily manageable.

## VI.     CAUSE OF ACTION

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

28.     The Defendant, by mailing or causing to be mailed collection notices substantially in the form of Exhibit "A" to Plaintiff and the members of the Class, has violated 15 U.S.C. §1692e by using deceptive or misleading representations and means in connection with the collection of consumer debt.

**WHEREFORE,** Plaintiff Tamesha Simmons prays that this Court certify the Class against Defendant Asset Acceptance, LLC and enter judgment for Plaintiff and the Class members:

(a)     awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k;

       (b)    awarding Plaintiff and the Class their costs and reasonable attorney's fees;

and

       (c)    granting such other relief as may be deemed just and proper.

## VII.   <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:


Date:   <u>02/24/10</u>               <u>*/s/Cary L. Flitter (CLF0273)*</u>
                                      CARY L. FLITTER
                                      THEODORE E. LORENZ
                                      ANDREW M. MILZ

                                      LUNDY, FLITTER, BELDECOS &
                                      BERGER, P.C.
                                      450 N. Narberth Avenue
                                      Narberth, PA  19072
                                      (610) 822-0781